MR. JUSTICE SHEEHY
dissenting:
The holding of the District Court is not unclear to me. It found that no reason existed for the police riot seeking a search warrant before applying the neutron activation test:
“. . . There is no showing that a warrant was not available under the procedure in Montana for securing same, nor is there any showing that the neutron activation test could not have been obtained at that time through proper request, and it’s unfortunate; that the Court is of the opinion that such could have been taken within that time and it would have been permissible ...”
Neither Cupp v. Murphy (1973), 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900, nor Schmerber v. California (1966), 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908, are applicable in this case, and do not support the majority. In Cupp, the Court found that the fingernail scrapings were evanescent; in Schmerber, the Court found the prejudicial evidence in the blood sample would disappear. Here, the District Court found no such situation. There is no evidence here, as the District Court found, that the incriminating evidence would disappear before a search warrant could be obtained. To say that the State has no burden to make an affirmative showing that the object of the search might be lost or destroyed is to say that the State never needs to justify a warrantless search if the search reveals some incriminating evidence. Under that rationale, we can kiss the Fourth and Fifth Amendment goodbye.